SPRING 1812.    *By the Court.*    The bond having been filed in
I. District.    the office by the appellant, has become a matter of
record, and cannot be denied.

SAUVE            THE note was accordingly proven by a compa-
*vs.*            rison with the signature at the bottom of the ap-
DAWSON.    peal bond.

———◦※◦———

### *PHILIBERT* vs. *WOOD.*

Depositions    *Smith*, for the plaintiff, offered a deposition
must be re-    taken by consent of the defendant's counsel.    It
turned by the    was on a loose sheet of paper, and had remained
persons re-
ceiving them    since the taking, in the possession of *Smith*.
—even when
taken by con-
sent.

*Hennen*, for the defendant.    It cannot be read.
The act of 1805, ch. 26, sect. 19, requires that
the person taking the deposition of a witness,
" shall enclose the same, under his seal, and direct
" it to the clerk of the Superior Court."    It is
his duty to prevent any change or alteration from
being made, by enclosing it under his seal, and he
should transmit it to the clerk—not deliver it, for
keeping, to either of the parties, who may, if the
testimony does not suit him, suppress it.    The
deposition, when taken, belongs to both the par-
ties—neither of them ought to be allowed the fa-
cility of depriving the other of it.

*Smith*, in reply.    This act relates only to de-

sitions taken under it, and by a rule of Court. In
the present case, the deposition was taken by the
consent of both parties, who therefore impliedly
agreed that it should be read, and as they imposed
no condition, it must be read absolutely.

*By the Court.* The party, by consenting that
the deposition should be taken, cannot be pre-
sumed to have dispensed with any of the formali-
ties required by law, in receiving testimony out
of Court.

DEPOSITION REJECTED.

SPRING 1812.
I. District.

PHILIBERT
*vs.*
WOOD.

---

*NUGENT* vs. *TREPAGNIER.*

THE defendant was sued as the endorser of a
promissory note.

DURING the trial, *Depeyster*, the defendant's
attorney, observed that one of the jurors had tried
a suit brought by the plaintiff against another in-
dorser of the note, and prayed he might be dis-
charged; observing that the objection would pre-
vail on a motion for a new trial, and it would save
the time of the Court to make it now.

Juror who
tried a suit
of plaintiff's
against ano-
ther indorser
not absolute-
ly incompe-
tent. Objec-
tion too late
after trial be-
gun.

*By the Court.* It is not clear that the juror is
incompetent. Likely, as this case may turn on
the same point, as the one which the juror has
tried, if the attention of the Court had been drawn